UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

MARVIN WOJCIK,

        Plaintiff,

v.

MICHIGAN BOX COMPANY,

        Defendant.

_____/

Case No. 25-cv-

Hon.

ERIC STEMPIEN (P58703)
STEMPIEN LAW, PLLC
Attorneys for Plaintiff
38701 Seven Mile Road, Suite 445
Livonia, MI 48152
(734)744-7002
eric@stempien.com
Asst: shawn@stempien.com
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, Marvin Wojcik, by and through his attorneys, Stempien Law, PLLC, hereby complains against Defendant Michigan Box Company, and in support thereof states:

1. Plaintiff Marvin Wojcik ("Wojcik" or "Plaintiff") is a resident of the City of Livonia, Wayne County, Michigan.

2. Defendant Michigan Box Company ("Michigan Box" or "Defendant") is a Michigan corporation with its primary place of business located in the City of Detroit, Wayne County, Michigan.

3. Jurisdiction is vested in this Court pursuant to 28 USC §1331 and 42 USC §12101, et. seq.

4. On or about August 5, 2025, the Equal Employment Opportunity Commission issued a Dismissal and Notice of Rights letter to Wojcik.

## **GENERAL ALLEGATIONS**

5. Wojcik is employed at Michigan Box as a Customer Service Representative.

6. Wojcik's job duties include: (1) creating and issuing quotes for customers who have requested product from Michigan Box and (2) purchasing supplies and materials for Michigan Box' operations.

7. Wojcik began his employment with Michigan Box in 1980.

8. In 2002, Wojcik was diagnosed with an autoimmune disorder where the immune system attacks the body's tissues and organs, resulting in physical impairments.

9. As a result of that disease, Wojcik became disabled as that term is defined by the Americans with Disabilities Act (ADA) and Michigan's Persons with Disabilities Civil Rights Act (PDCRA).

10. From 2002 through 2024, Wojcik requested various accommodations from Michigan Box, including a modified work schedule and remote work.

11. Until 2024, Michigan Box accommodated Wojcik's accommodations requests.

12. In October 2023, Michigan Box instructed Wojcik that he would be required to work a full, non-modified schedule and would be required to work on-site with no remote work opportunities.

13. Defendant provided no reason or basis for its refusal to accommodate Wojcik after having done so for 22 years.

14. Wojcik requires the accommodations in order to perform the essential functions of his job.

15. On October 18, 2023, Wojcik's treating rheumatologist, Dr. Parveen Qazi, disabled him from his work due to the Defendant's failure to accommodate.

16. On November 21, 2023, Dr. Qazi and Plaintiff provided a letter to Defendant requesting an accommodation to work from home; Plaintiff was not disabled from work as long as Defendant provided the requested reasonable accommodation.

17. Defendant failed and/or refused to provide Plaintiff with the requested reasonable accommodation.

18. On January 4, 2024, Wojcik's treating pulmonologist, Dr. M. Waseem Farra, sent a letter to Defendant requesting a reasonable accommodation for Plaintiff to work from home. Dr. Farra stated that Plaintiff "is medically able to work remotely".

19. Dr. Farra requested the reasonable accommodation due to Plaintiff suffering from asthma and chronic obstructive pulmonary disease and those conditions "require[] avoidance of his asthma triggers which can include temperature changes, strong odors, fumes, smoke, dander, pollen, food products which can cause significant respiratory exacerbation. Ideally, he should avoid any and all possible triggers, including strenuous activities such as stairs or workplace exposure".

20. Defendant's workplace is located on the third floor of a building that has no elevator; therefore, for Plaintiff to come into work, he was required to ascend or descend three flights of stairs every time he entered or left the building.

21. Defendant again failed and refused to provide the reasonable accommodation requested by Plaintiff and his physicians.

22. On April 2, 2024, Defendant sent a letter to Wojcik stating that he was "placed on unpaid, inactive status", which, upon information and belief, has been his employment status since that date to the present.

23. Defendant's stated reason for not accommodating Wojcik's disability is that "it is an essential function of your job to be in person to attend [departmental] meetings as often as possible".

24. It is untrue that in-person attendance at the departmental meetings is an essential function of the job; Plaintiff, as well as other employees, have attended these departmental meetings remotely.

25. It is not an undue burden on Defendant to allow Plaintiff to attend the departmental meetings remotely.

26. As a result of Defendant's refusal to grant reasonable accommodations to Plaintiff, Plaintiff has been unable to earn wages from Defendant since October 2023.

27. Defendant failed and refused to engage in the interactive process with Plaintiff.

## COUNT I
## VIOLATION OF AMERICANS WITH DISABILITIES ACT
## FAILURE TO ACCOMMODATE

28. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

29. Plaintiff is a qualified individual with a disability, as that term is defined by the Americans with Disabilities Act, and 42 USC §12101, et. seq. (as amended) ("ADA").

30. Plaintiff has a disability as that term is defined by the ADA.

31. Defendant was aware of Plaintiff's disability.

32. Plaintiff made a request for a reasonable accommodation, including, but not limited to:

    a. Requesting a modified job schedule,
    b. Requesting the ability to work from home, or remotely, and
    c. Other reasonable accommodations.

33. In addition to the requests above, Plaintiff indicated to Defendant that he was willing to engage in an interactive process regarding the structure, timing and other factors related to his requests for reasonable accommodation.

34. Such reasonable accommodations would not be an undue burden on Defendant.

35. Michigan Box has failed and refused to grant any reasonable accommodations to Plaintiff.

36. Michigan Box has refused to engage in an interactive process with Plaintiff.

37. As a direct and proximate result of Defendant's violation of the Americans with Disabilities Act, Plaintiff has suffered damages, including but not limited: loss of job position, lost past and future wages, lost past and future employment benefits, loss of earning capacity, medical bills as the result of cancellation of health insurance, emotional distress and attorney fees.

## COUNT II
## VIOLATION OF AMERICANS WITH DISABILITIES ACT
## DISABILITY DISCRIMINATION

38. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

39. Plaintiff is a disabled person within the meaning of the Americans with Disabilities Act, 42 USC §12101, et. seq.

40. Plaintiff is qualified for the position of Customer Service, with or without reasonable accommodation.

41. Plaintiff has suffered an adverse employment action, because Michigan Box placed him on an involuntary unpaid inactive status.

42. The adverse employment actions taken by Michigan Box were made because of Plaintiff's disability.

43. Further, Plaintiff was subjected to the adverse employment action because of an actual or perceived physical or mental impairment.

44. As a direct and proximate result of Defendant's disability discrimination, Plaintiff has suffered damages as fully set forth in paragraph 37 of this Complaint.

# COUNT III
# VIOLATION OF PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
# FAILURE TO ACCOMMODATE

45. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

46. Plaintiff is a qualified individual with a disability, as that term is defined by the Michigan Persons with Disabilities Civil Rights Act, MCL 37.1101, et. seq. (PDCRA)

47. Plaintiff has a disability as that term is defined by the PDCRA.

48. Defendant was aware of Plaintiff's disability.

49. Plaintiff made a request for a reasonable accommodation, including, but not limited to:

    a. Requesting a modified job schedule,
    b. Requesting the ability to work from home, or remotely, and
    c. Other reasonable accommodations.

50. In addition to the requests above, Plaintiff indicated to Defendant that he was willing to engage in an interactive process regarding the structure, timing and other factors related to his requests for reasonable accommodation.

51. Such reasonable accommodations would not be an undue burden on Defendant.

52. Michigan Box has failed and refused to grant any reasonable accommodations to Plaintiff.

53. Michigan Box has refused to engage in an interactive process with Plaintiff.

54. As a direct and proximate result of Defendant's violation of the PDCRA, he has suffered damages as fully set forth in paragraph 37 of this Complaint.

## COUNT IV
## VIOLATION OF PERSONS WITH DISABILITIES CIVIL RIGHTS ACT DISABILITY DISCRIMINATION

55. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

56. Plaintiff is a disabled person within the meaning of the PDCRA

57. Plaintiff is qualified for the position of Customer Service, with or without reasonable accommodation.

58. Plaintiff has suffered an adverse employment action, because Michigan Box placed him on an involuntary unpaid inactive status.

59. The adverse employment actions taken by Michigan Box were made because of Plaintiff's disability.

60. Further, Plaintiff was subjected to the adverse employment action because of an actual or perceived physical or mental impairment.

61. As a direct and proximate result of Defendant's disability discrimination, Plaintiff has suffered damages as fully set forth in paragraph 37 of this Complaint.

WHEREFORE, Plaintiff Marvin Wojcik prays that this Honorable Court enter judgment in his favor against Defendant Michigan Box Company in an amount that this Court deems fair and just, plus costs, interest and attorney fees.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of the within cause of action.

           STEMPIEN LAW, PLLC

           */s/ Eric Stempien*
           By: Eric Stempien (P58703)
Dated: November 3, 2025     Attorney for Plaintiff